PER CURIAM.
We reverse the defendant’s conviction for possession of burglary tools because the evidence failed to establish any overt act necessary to prove the intent to commit a trespass or a burglary in employing the tools. Thomas v. State, 531 So.2d 708 (Fla.1988).
We affirm his conviction for attempted possession of an oral communication interception device, § 934.04, Fla.Stat. (1991). An expert testified that the device found in defendant’s possession was very small and could be readily hidden and the particular device was set for a frequency of a radio station whose signals might intercept. The same expert further testified that the setting of this frequency allowed the defendant to employ the device to intercept conversations without detection. Consequently, there was ample evidence from which a jury could reach the ultimate finding and conclude defendant’s guilt.
Likewise, we reject his claim that he did not make a knowing and intelligent waiver of his right to counsel and that he did not understand and appreciate the advantages and disadvantages of self-representation. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
For the foregoing reasons, the defendant’s conviction and sentence for possession of burglary tools is reversed. In all other respects, his conviction and sentence are affirmed.
Reversed in part and affirmed in part and remanded.